UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>SABER FITNESS HEGENBERGER, LLC,<br><br>    Defendant. | Case No. 24-cv-01278-TSH<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

On July 3, 2023, Plaintiff Michael Devin Floyd filed his initial complaint in this case in the Alameda Superior Court, Case No. 23CV037550, naming "Planet Fitness of Oakland, CA," as the defendant. ECF No. 1-1; Ex. A. On January 30, 2024, Floyd filed a First Amended Complaint naming Defendant Saber Fitness Hegenberger, LLC and bringing ten causes of action: (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 2000a; (3) California's Unruh Civil Rights Act, Cal. Civ. Code § 51; (4) Cal. Civ. Code § 51.5; (5) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (6) California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750; (7) Negligent Training and Supervision; (8) "Restatement (Third) of Law, Agency Law, Agency § 7.04, § 7.06, § 7.07, § 7.08 – Principal's Liability to a Third Party"; (9) Negligent Infliction of Emotional Distress; and (10) Cal. Civ. Code § 1714.

On March 1, 2024, Saber removed the matter to this Court on the basis of federal question jurisdiction, ECF No. 1, and subsequently moved to dismiss the complaint, ECF No.13. On June 11, 2024, the Court granted Saber's motion and dismissed Floyd's complaint with leave to amend.

1    ECF No. 39.  On July 11, 2024, Floyd filed a Second Amended Complaint, alleging only state law
2    causes of action.  ECF No. 40.
3            "Federal courts are courts of limited jurisdiction.  They possess only that power authorized
4    by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377
5    (1994).  "Subject matter jurisdiction can never be forfeited or waived and federal courts have a
6    continuing independent obligation to determine whether subject-matter jurisdiction exists."
7    *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal
8    quotation marks and citations omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.
9    2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject
10   matter jurisdiction").  There are two bases for federal subject matter jurisdiction: (1) federal
11   question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332.
12   A district court has federal question jurisdiction in "all civil actions arising under the Constitution,
13   laws, or treaties of the United States."  *Id.* at § 1331.  A district court has diversity jurisdiction
14   "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens
15   of different states, or citizens of a State and citizens or subjects of a foreign state . . . ."  *Id.* §
16   1332(a)(1)-(2).
17           As Floyd brings only state law claims in his second amended complaint, federal question
18   jurisdiction is lacking.  As to diversity jurisdiction, both parties are in California.  *See* Sec. Am.
19   Compl. at 2.  As such, subject matter jurisdiction appears to be lacking.  As to Floyd's state law
20   claims, pursuant to 28 U.S.C. § 1367(c)(3), the Court may "decline supplemental jurisdiction over
21   a claim" if it "has dismissed all claims over which it has original jurisdiction," and need not state
22   its reason for dismissal.  *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir.
23   1998); *Yates v. Money Source, Inc.*, 2023 WL 4305059, at *6 (E.D. Cal. June 30, 2023).  As this
24   case remains in the pleading stage, it is likely that judicial economy favors declining to exercise
25   supplemental jurisdiction.
26           Accordingly, the Court **ORDERS** either or both parties to show why this case should not
27   be remanded for lack of jurisdiction.  Either or both parties shall file a written response to this
28   Order by July 24, 2024.  Failure to do so will result in remand for lack of subject matter

jurisdiction.

**IT IS SO ORDERED.**

Dated: July 15, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge