UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SABER FITNESS HEGENBERGER, LLC,<br><br>　　　　Defendant. | Case No. 24-cv-01278-TSH<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 64 |

## I.　INTRODUCTION

Pending before the Court is Plaintiff Michael Devin Floyd's motion to file a fourth amended complaint pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 64. Defendant Saber Fitness Hegenberger, LLC filed an Opposition (ECF No. 71) and Floyd filed a Reply (ECF No. 74). The Court finds this matter suitable for disposition without oral argument and **VACATES** the February 13, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** the motion.[1]

## II.　BACKGROUND

### A.　Factual Background

Floyd, who is African-American, opened an all-access gym membership at Saber's Planet Fitness in Jacksonville, Florida in 2019. Third Am. Compl. ("TAC") ¶¶ 9, 22, ECF No. 52. While visiting family in San Jose in July 2021, he went to a Planet Fitness location there and was subsequently told by his home gym in Florida that there was a complaint about his "vulgarity and personality." *Id.* ¶ 9. Staff at the San Jose Planet Fitness said Floyd was no longer allowed there, but they did not provide any further details. *Id.* Floyd began using other Planet Fitness gyms in

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 16, 29, 36.

the nearby area, but "other incidents occurred" at these gyms, and his home gym in Florida subsequently informed him that his membership was cancelled. *Id.* ¶ 10.

On September 17, 2021, Floyd opened another Planet Fitness membership in Oakland, California. *Id.* ¶ 12. Floyd alleges several incidents took place at the Oakland Planet Fitness, including a report on October 13 that he was "slamming weights down," that on October 16 the Director of Operations asked gym staff to watch him carefully, that on November 10 he heard a staff member say to him "Have a good day, bum," although the staff member denied calling him a bum, and that there were "multiple incidents" in December 2021 where other gym patrons and staff members reported they felt uncomfortable. *Id.* ¶¶ 14-17.

Floyd alleges the "last incident," which is undated, occurred at the Planet Fitness on Ranch Drive in Milpitas. *Id.* ¶ 19. Floyd alleges he "met a girl at the water fountain. We both took an interest in each other. At no time did she tell me she wanted to stop talking to me, nor expressed she was uninterested in me." *Id.* Floyd alleges "[s]he forgot her lock at home and when she was about to buy a lock, I attempted to pay for it, when Majenta then told me I was making the woman feel uncomfortable," even though the member "never expressed to me she was feeling uncomfortable. The Planet Fitness member also did not express to Majenta she was feeling uncomfortable nor made any movements to indicate she was uncomfortable." *Id.* When Floyd told "Majenta to mind her business, the woman even backed me up, telling Majenta not to tell me anything and that she will talk to me when she wants. Unfortunately, Majenta and other staff members asked me to leave before I could purchase the lock for the woman." *Id.* After this incident, Floyd was banned from all Planet Fitness locations in the Bay Area. *Id.* ¶ 20.

**B.      Procedural Background**

On July 3, 2023, Floyd filed his initial complaint in the Alameda Superior Court, Case No. 23CV037550, naming "Planet Fitness of Oakland, CA," as the defendant. ECF No. 1-1; Ex. A. On January 30, 2024, Floyd filed a First Amended Complaint naming Saber. Not. of Removal, Ex. B, ECF No. 1-2. He alleged ten causes of action: (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 2000a; (3) California's Unruh Civil Rights Act, Cal. Civ. Code § 51; (4) Cal. Civ. Code § 51.5; (5) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (6) California's

2

Consumer Legal Remedies Act, Cal. Civ. Code § 1750; (7) Negligent Training and Supervision; (8) "Restatement (Third) of Law, Agency Law, Agency § 7.04, § 7.06, § 7.07, § 7.08 – Principal's Liability to a Third Party"; (9) Negligent Infliction of Emotional Distress; and (10) Cal. Civ. Code § 1714.

Saber removed the matter to this Court on March 1, 2024 and subsequently moved for dismissal pursuant to Rule 12(b)(6). ECF No. 6. On June 11, 2024, the Court granted Saber's motion with leave to amend. ECF No. 39; *Floyd v. Saber Fitness Hegenberger, LLC*, 2024 WL 2971669, at *1 (N.D. Cal. June 11, 2024).

On July 11, 2024, Floyd filed a Second Amended Complaint, re-alleging three claims from his previous complaint (violation of the Unruh Act, violation of the UCL, and Negligent Training and Supervision) and adding a new claim under California's Fair Employment and Housing Act, Cal. Gov't Code § 12940. ECF No. 40. Saber again moved for dismissal. ECF No. 44. On August 23, 2024, the Court granted Saber's motion in part and denied it in part, again with leave to amend. ECF No. 51; *Floyd v. Saber Fitness Hegenberger, LLC*, 2024 WL 3924688, at *1 (N.D. Cal. Aug. 23, 2024).

On September 18, 2024, Floyd filed the operative TAC, alleging six claims: (1) California's Unruh Civil Rights Act, Cal. Civ. Code § 51; (2) California's UCL; (3) Negligent Training and Supervision; (4) Breach of Contract; (5) Breach of Implied Covenant of Good Faith and Fair Dealing; and (6) Breach of Implied Duty to Perform with Reasonable Care. Saber again moved for dismissal, ECF No. 53, but the Court denied its motion, ECF No. 56. Saber answered the TAC on November 13, 2024.

On December 5, 2024, the parties filed a joint case management statement. ECF No. 58. At that time, Floyd indicated he would seek leave to amend "based on the Defendant's unanswered requests for exculpatory evidence in a criminal investigation." *Id.* at 3. He also indicated he "does not expect to add anything to the pleadings." *Id.* at 4. On December 6 the Court issued a case management order, setting February 6, 2025 as the deadline to seek leave to amend pleadings and March 5, 2025 as the deadline for fact discovery. ECF No. 59.

Floyd filed the present motion on January 6, 2025. In his proposed Fourth Amended

3

Complaint ("PFAC"), Floyd alleges that on August 18, 2021, an incident occurred in the parking lot of a Planet Fitness off Saratoga Road in San Jose, California. PFAC ¶ 32, ECF No. 62. Floyd attaches as Exhibit 10 to the PFAC a subpoena issued to "Planet Fitness on Saratoga Avenue, San Jose." ECF No. 65. During that incident, Floyd was criminally charged with brandishing a firearm at a witness. PFAC ¶ 32. After he was released from custody on August 20, Floyd informed Planet Fitness that he desired the video surveillance footage. *Id.* Three years later, on September 23, 2024, a state investigator informed Floyd that she was unable to obtain the video surveillance footage. *Id.* Based on these additional facts, Floyd seeks to assert claims against Saber for spoliation, promissory estoppel, and breach of implied covenant of good faith and fair dealing for failing to provide the surveillance footage located at the Planet Fitness on Saratoga Road in San Jose. *Id*. ¶¶ 32-36.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its original pleading once as a matter of course within 21 days of serving it. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). The rule is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182

(1962)).

## IV. DISCUSSION

### A. Bad Faith

As to the first factor, bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). Here, Floyd states he did not learn all the facts related to his new claims until September 18, 2024, and he notes that he originally informed Saber and the Court that he intended to seek leave to amend in both his October 8 opposition to Saber's motion to dismiss his third amended complaint and in the parties' December 5 case management statement. Mot. at 2. As such, it does not appear that Floyd seeks to add these claims in bad faith.

### B. Undue Delay

As to the second factor, a moving party's inability to sufficiently explain its delay may indicate that the delay was undue. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Whether the moving party knew or should have known the facts and theories raised in the proposed amendment at the time it filed its original pleadings is a relevant consideration in assessing untimeliness. *Id.*; *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

Although the new allegations relate to an incident that took place on August 18, 2021, Floyd did not learn that the state investigator was unable to obtain the video surveillance footage until September 23, 2024, over six months after he filed his original complaint. *Id.* As such, there is no indication Floyd knew of the *legal theories* raised in the proposed amendment at the time he filed his original complaint. However, to the extent Floyd seeks to tie the new allegations to his claims against Saber for his removal from the Planet Fitness in Oakland, he presents no argument that he was unaware of the *facts* related to the incident. *See Alsabur v. Autozone, Inc.*, 2014 WL 1340730, at *5 (N.D. Cal. Apr. 3, 2014) (denying leave to amend where plaintiff "had knowledge of the underlying facts to support the fraud and breach of contract causes of action at the time of

5

filing his first amended complaint. That he has since obtained new evidence to bolster the new causes of action does not excuse his failure to include these allegations in previous pleadings.").

Further, it is unclear why Floyd waited until January 6 to file the present motion, which comes over three months after he first informed the Court that he intended to seek leave to amend. With fact discovery set to close on March 5, this would not allow either party enough time to conduct discovery regarding these additional claims. In other words, Floyd's proposed amendment would likely cause undue delays in the litigation, forcing extensions of the discovery cutoff deadlines and continuance of other dates. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (affirming district court's denial of leave to amend, even though eight months of discovery remained, because allowing plaintiff to "'advance different legal theories and require proof of different facts' at this stage in the litigation would have prejudiced Dialysist West and unfairly delayed Dialysist West's collection of a judgment worth approximately $2.2 million."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (motion "on the eve of the discovery deadline" properly denied because it would have required reopening discovery, thus delaying proceedings). Moreover, as discussed below, Floyd's new claims, which advance different legal theories than those that the form the crux of his claims against Saber, are properly brought against a different party.

At the same time, the Court recognizes that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Rather, undue delay combined with other factors may warrant denial of leave to amend. *See, e.g., Jackson*, 902 F.2d at 1387-89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (same). Accordingly, the Court considers the likely delay that would ensue should it allow Floyd leave to file his PFAC, but it must also determine whether other factors also warrant denial of leave to amend.

### C.     Prejudice to the Opposing Party

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185

6

(9th Cir. 1987)). However, "[t]o overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

Floyd's attempt to amend his complaint—for a fourth time—just weeks before the discovery cutoff deadline could support a finding of prejudice. *See Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.") (citing *Solomon*, 151 F.3d at 1139). As noted above, Floyd's proposed amendment would not allow either party enough time to conduct discovery under the current deadlines.

Beyond timing, Floyd's new allegations also seem to bear no relation to the gravamen of his claims in this case—that Saber unfairly removed him from the Planet Fitness gym it owns in Oakland. Saber has stated it does not own the Planet Fitness in San Jose. Opp'n at 3. As such, it is not the entity that Floyd alleges engaged in the actions related to the video surveillance footage. Saber cannot reasonably be expected to defend itself against claims that do not pertain to it. *See Alsabur*, 2014 WL 1340730, at *4 ("Prejudice typically arises where the opposing party is surprised with new allegations which require additional discovery or will otherwise delay resolution of the case.") (citing *Acri*, 781 F.2d at 1398-99); *see also Jackson*, 902 F.2d at 1387 (A party may be found unduly prejudiced if "[t]hese additional claims advance different legal theories and require proof of different facts.").

Moreover, even if Floyd later sought to add the owner of the San Jose gym as a defendant, any attempt to bring claims against a different entity would not comply with Federal Rule of Civil Procedure 20, which provides that persons may be joined in one action as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The upshot of these rules is that 'multiple claims against a single party are fine, but

7

Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.'" *Randle v. Contra Costa Cnty. Sheriff's Dep't*, 2024 WL 459062, at *2 (N.D. Cal. Feb. 6, 2024) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). "Unrelated claims against different defendants belong in different suits." *George*, 507 F.3d at 607; *see also Shepard v. Bell*, 2015 WL 3751799, at *3 (D. Nev. June 16, 2015) ("Since the proposed defendants, causes of action, and subject property of those causes of action are all separate and distinct from what Plaintiff has alleged thus far in the instant case, the Court finds that allowing Plaintiff's proposed amendment would materially alter the current nature of this litigation."). In his reply, Floyd argues his new claims are not independent, as the same person works as a manager at both locations. Reply at 1-2. But even if this is true, Floyd has not brought claims against the manager; his claims are against Saber, which should not be forced to defend against allegations related to a gym it does not own.

In sum, as Floyd's new claims are based on events that occurred at a Planet Fitness not owned by Saber, the Court finds they are properly brought in a separate action against the owner of that gym. *See Scott v. McCay*, 2024 WL 3033619, at *2 (N.D. Cal. June 17, 2024) ("To seek relief for claims arising out of other incidents or raising different questions of law, Plaintiff must bring separate actions."); *Nevarez v. Napa State Hosp.*, 2024 WL 647643, at *2 (N.D. Cal. Feb. 15, 2024) (same). As such, the Court finds Saber would be prejudiced if it allows Floyd to amend his complaint for a fourth time as proposed.

### D.     Futility of Amendment

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). As the Supreme Court has held, '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman*, 371 U.S. at 182. Here, however, Floyd's proposed amendments would be futile against Saber because they concern unrelated incidents at the Planet Fitness in San Jose, which Saber doesn't

8

own. While Floyd may have claims against the entity that owns the San Jose gym, they are not properly brought as part of his case against Saber. *See Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties."). "Courts have held that a 'supplemental pleading may seek to bring in additional parties[,] plaintiff or defendant[,] when the subsequent events alleged in the new pleading make it *necessary* to join them.'" *Vanguard Med. Mgmt. Billing, Inc. v. Baker*, 2018 WL 6137190, at *7 (C.D. Cal. Aug. 30, 2018) (alterations and emphasis in original) (quoting 6A Fed. Prac. & Proc. Civ. § 1507 (2018)). Here, adding the San Jose owner as a defendant is unnecessary because any claims Floyd seeks to add bear no relation to his claims in this case.

### E.      Previous Amendments

Courts have broader discretion in denying motions for leave to amend after leave to amend has already been granted. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) ("[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will [its] rulings be disturbed.") (alteration in original; internal quotations and citation omitted); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court's discretion is "particularly broad" when it has already granted a plaintiff leave to amend). This would be Floyd's fourth amended complaint, and the Court has already provided Floyd two opportunities to amend. *See* ECF Nos. 39, 51. As Floyd seeks to add claims against a different entity, and they bear no relation to the crux of his complaints against Saber in this case, the Court finds it would be improper to grant him a third opportunity to amend.

### V.     CONCLUSION

The Court concludes that leave to amend is not warranted under Rule 15. Accordingly, Floyd's motion to amend is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge