UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DEVIN FLOYD,

        Plaintiff,

    v.

SABER FITNESS HEGENBERGER, LLC,

        Defendant.

Case No. 24-cv-01278-TSH

**DISCOVERY ORDER**

Re: Dkt. No. 78

The parties have a dispute concerning Plaintiff's interrogatories ("rogs") 1, 2 and 3. ECF Nos. 78, 82. Plaintiff has submitted his first set of rogs and Defendant's responses. ECF Nos. 88-1 & 88-2.

Rog 1 asked: "Can you EXPLAIN the relationship between Planet Fitness - Oakland Hegenberger Rd and Planet Fitness - San Jose Saratoga Rd? Are the Hegenberger Rd and Saratoga Rd owned by the same entity?" After objecting, Defendant answered: "Defendant owns a Planet Fitness franchise gym located at 610 Hegenberger Road in Oakland, California. Defendant does not own any alleged 'Planet Fitness – San Jose Saratoga Rd.' referred to in this Interrogatory."

Rog 2 asked: "In 2021, EXPLAIN the relationship(s)/position(s) Brandon Romero had with Planet Fitness - Oakland Hegenberger Rd and/or with Planet Fitness - San Jose Saratoga Rd? List the location, position, and dates of position." After objecting, Defendant answered:

1   "Brandon Romero was never an employee of Defendant. On information and belief, Brandon
2   Romero was not an employee of the owner of the alleged 'Planet Fitness – San Jose Saratoga Rd'
3   referred to in this Interrogatory."

4   Rog 3 asked: "In 2021, EXPLAIN whether Brandon Romero had any other position(s)
5   with any other Planet Fitness, and if so, what were those positions?" After objecting, Defendant
6   responded: "Brandon Romero was never an employee of Defendant. On information and belief,
7   Brandon Romero was not an employee of the owner of the alleged 'Planet Fitness – San Jose
8   Saratoga Rd' referred to in this Interrogatory."

9   Plaintiff moves to compel further responses, contending these are insufficient. Defendant
10  opposes. As to rog 1, the relationship between the Oakland Hegenberger Road Planet Fitness and
11  other Bay Area branches of the gym is relevant because paragraph 20 of the Third Amended
12  Complaint (ECF No. 52) alleges that Plaintiff has been banned from all Planet Fitness locations in
13  the Bay Area. Defendant answered the second part of rog 1, which asked about common
14  ownership, but did not answer the first part, which was to explain the relationship. This requires
15  some explanation of the nature of the franchise, including any guidelines and agreements that
16  apply. Plaintiff is pro se, and his rog was not very precise, but the gist of his rog is clear, and he is
17  entitled to an answer. The Court **ORDERS** Defendant to answer rog 1.

18  For rog 2, Defendant has answered with respect to an employment relationship, but the rog
19  is broader than that. It asked about any kind of work relationship, including being an independent
20  contractor, agent, and so on. The Court **ORDERS** Defendant to answer rog 2 with respect to the
21  Oakland Hegenberger Road Planet Fitness, and to answer rog 2 concerning the San Jose branch to
22  the best of its ability.

23  For rog 3, Defendant similarly cannot limit its response to an employment relationship.
24  Further, rog 3's reference to "any other Planet Fitness" means other than the ones referred to in
25  rog 2, so Defendant's answer is entirely nonresponsive. The Court **ORDERS** Defendant to
26  answer rog 3 to the best of its ability.

27  To clarify, "the best of its ability" means "the information available to the party." Fed. R.
28  Civ. Proc. 33(b)(1)(B). Defendant is not obligated to contact other Planet Fitness branches that it

United States District Court
Northern District of California

doesn't own or run to learn information it doesn't have.

**IT IS SO ORDERED.**

Dated: April 3, 2025

                                                THOMAS S. HIXSON
                                                United States Magistrate Judge