UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>SABER FITNESS HEGENBERGER, LLC,<br><br>    Defendant. | Case No. 24-cv-01278-TSH<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 89, 91 |

The parties have filed joint discovery letter briefs at ECF Nos. 89 and 91. The Court rules as follows.

**A.    ECF No. 89**

    **1.    Request for Production**

Plaintiff moves to compel concerning request for production ("RFP") 1 in set three. This RFP seeks " all DOCUMENTS concerning the Plaintiff and his membership to Defendant's place of business. Please provide all documents about complaints, conflict resolutions, payments made, notes in the computer system, emails/correspondence concerning Plaintiff, etc. Please also provide the dates these documents were created?"

In the letter brief, Defendant states that on April 4, 2025 it will provide 57 pages of documents and that these documents represent "all documents concerning Plaintiff and his membership to Defendant's place of business." However, the current version of Defendant's RFP response doesn't say that Defendant is producing all responsive documents. If Defendant amends its response to RFP 1 to state that it is producing all non-privileged responsive documents, that may moot this dispute.

The Court **ORDERS** Defendant to file a notice no later than April 8, 2025 stating whether

1  it has amended its response to RFP 1, and if so, to attach the amended response so the Court can
2  see if this dispute is mooted.

### 2. Interrogatories

Plaintiff has moved to compel concerning interrogatories ("rogs") 1-5 in set two. For rogs 2-5, Defendant states that it will supplement its responses on April 4, 2025. The Court **ORDERS** the parties to file a further joint discovery letter brief no later than April 11, 2025, setting forth their respective views on whether Defendant's amended responses are sufficient.

Rog 1 asks "Can you IDENTIFY all persons who made complaints against the Plaintiff in the computer notes shown in Exhibit 6 of the Third Amended Complaint? All persons include the gym members who made the complaints, staff members who made complaints, and staff members who the complaints were reported to. With each person identified, please reference which event in Exhibit 6 of the TAC that person is connected with as well." The rogs contain the following definition: "'IDENTIFY' with respect to a person means supplying the person's full name, email address, current or last known residence address, current or last known business address, and current or last known mobile, residence, and business telephone numbers."

Defendant objects based on the privacy rights of its gym patrons, who are Defendant's customers. Defendant also argues that "[a]s the undisputed evidence illustrates, Defendant had the right in its sole discretion to revoke Plaintiff's membership if he failed to adhere to Defendant's clearly enumerated and publicly available policies and practices. It is also undisputed that during his membership, gym patrons and employees complained about Plaintiff's conduct. Even if Plaintiff can establish that the third-party customers' complaints were not true, Defendant still had good-faith basis to believe that Plaintiff's conduct violated its policies and practices, which warranted the revocation of Plaintiff's membership."

As to relevance, Defendant's arguments are not persuasive. It is very much disputed whether gym patrons and employees complained about Plaintiff, and if they complained, what they said. Defendant's claim to have a good faith basis for its actions could be undermined if the witnesses deny making complaints. Rog 1 asks for the identification of relevant witnesses, a routine request in discovery.

As for privacy, there is no ideal solution here. Denying Plaintiff this discovery would greatly impede his ability to prove his case. It would essentially cut off his ability to prove that he was discriminated against because he would have no ability to challenge Defendant's story that it revoked his gym membership because of complaints about him. On the other hand, because Plaintiff is pro se, if he contacts these witnesses to interview them and/or to subpoena them, that will mean that the person they allegedly complained about at the gym now has their contact information and has reached out to them, which they may find unsettling or even alarming. In the end, the Court has to allow Plaintiff the discovery he needs to develop his case. Defendant may designate any information it provides in response to rog 1 as confidential under the terms of the protective order in this case (ECF No. 85), which provides in paragraph 7.1 that protected material may be used only for prosecuting, defending or attempting to settle this litigation. That will prevent Plaintiff from using this information for any other purpose. Further, although witnesses are obligated to respond to legal process such as a properly served subpoena, they are not otherwise obligated to talk to Plaintiff (or to Defendant, for witnesses who are not employees), if they do not want to.

The Court **ORDERS** Defendant to answer rog 1. For gym employees who are represented by defense counsel, Defendant may limit the identification to the person's full name and state that they may be contacted through counsel.

**B.    ECF No. 91**

Plaintiff moves to compel on RFPs 1-3 in set two. For RFPs 2 and 3, Defendant states it is actively working on providing supplements to its responses, which it will provide by April 4, 2025. The Court **ORDERS** the parties to file a joint discovery letter brief by April 11, 2025, stating their respective views on whether Defendant's supplemental responses are sufficient.

RFP 1 asked for: "In December 2021, there was an incident between the Plaintiff and a staff member at Planet Fitness in Milpitas off Ranch Dr. The staff member Majenta described what she perceived as truth in the member notes on Dec 20, 2021. A copy of the member notes is shown in the Third Amended Complaint, Exhibit 6? It is possible the actual date of the incident is different from when those notes were recorded. The date of the incident would have been

sometime before those notes were recorded, obviously. Likely, the Plaintiff's last time or second to last time checking in to the Planet Fitness on Ranch Dr. in Milpitas. The female PF member that Majenta is referring to is named 'Katherine' (not sure of the spelling). Her check-in was sometime after the Plaintiff's check-in (within 3 hours after, likely). She is an African-American female. Can you produce the last known contact information, picture included, of the female PF member that Majenta is referring to in her notes (Katherine)?"

Defendant argues this information is not relevant and proportional to the needs of the case and is protected by the right of privacy. For the reasons explained above, the Court disagrees. Witness identification is a normal part of discovery. It is relevant and proportional to the needs of this case, and it does not offend the right to privacy. The Court **ORDERS** Defendant to produce documents responsive to RFP 1. Defendant may designate these materials as confidential within the meaning of the protective order in this case.

**IT IS SO ORDERED.**

Dated: April 4, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

4