UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>SABER FITNESS HEGENBERGER, LLC,<br><br>    Defendant. | Case No. 24-cv-01278-TSH<br><br>**ORDER DENYING MOTION FOR SANCTIONS AND GRANTING MOTION TO EXTEND DISCOVERY DEADLINE**<br><br>Re: Dkt. Nos. 92, 101 |

    Plaintiff Michael Devin Floyd moves for sanctions under Federal Rule of Civil Procedure 37, including monetary sanctions, evidence exclusion, and entry of default judgment against Defendant Saber Fitness Hegenberger LLC, based on Defendant's alleged failure to comply with its discovery obligations. ECF No. 92.

    Plaintiff argues sanctions are necessary in part because this case was filed in state court almost two years ago, yet "none of [his] discovery requests have been adequately answered." Mot. at 1-2. However, after Defendant removed the case to this Court on March 1, 2024, no case management order was issued until December 6, after the Court addressed several rounds of motions, including Plaintiff's motion to remand and Defendant's motions to dismiss. *See* ECF Nos. 13, 15, 39, 44, 51, 53, 56, 59. After that, Plaintiff served written discovery on January 6, 2025. Tran Decl. ¶ 5, ECF No. 102-1. Plaintiff propounded a second request for production of documents on January 26. *Id.* ¶ 7. The parties subsequently met and conferred and filed letter briefs regarding their disputes. ECF No. 78, 82, 88-89, 91. It was not until April 3 that the Court first ordered Defendant to provide supplemental responses to certain interrogatories. ECF No. 90. On April 4 the Court ordered Defendant to provide supplemental responses to other interrogatories and requests for production, and it ordered the parties to file supplemental briefing on other issues

raised in the letters. ECF No. 94. Despite this, Plaintiff filed his motion for sanctions on April 3, the same day the Court filed its first discovery order and before Defendant had an opportunity to supplement its responses. In the meantime, the record shows Defendant provided supplemental responses on April 4 and has affirmed its intention to serve additional responses in compliance with the Court's orders by April 18. Mot. at 5; Decl. Tran ¶ 12. The Court has also ordered the parties to meet and confer regarding Defendant's compliance with these orders and file an updated report by April 30. ECF Nos. 103-04. Given the absence of a court order compelling discovery prior to Plaintiff's motion, and Defendant's continued supplementation of its responses in compliance with the Court's orders, the Court finds sanctions are unwarranted at this time. *See Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991) ("Dismissal under Rule 37(b) is appropriate only for failure to comply with a court order compelling discovery."); *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012) ("[E]vidence exclusion is, or at least can be, a harsh sanction."). Accordingly, the Court **DENIES** Plaintiff's motion for sanctions.

Plaintiff also requests the Court extend the fact discovery until June 2, 2025. ECF No. 101. Defendant does not oppose the request. ECF No. 102. Accordingly, the Court **GRANTS** Plaintiff's request and **EXTENDS** the fact discovery deadline to June 2, 2025. If either or both parties seek an extension of any other case management deadlines, they shall meet and confer and then file either a stipulation and proposed order or joint letter with competing deadlines.

**IT IS SO ORDERED.**

Dated: April 29, 2025

THOMAS S. HIXSON
United States Magistrate Judge