UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>SABER FITNESS HEGENBERGER, LLC,<br><br>    Defendant. | Case No. 24-cv-01278-TSH<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 107 |

On April 24, 2025, the Court ordered the parties to file a further joint discovery letter brief by April 30, 2025, setting forth their views on whether Defendant's responses to Plaintiff's interrogatory ("rog") 3 in set two and Defendant's responses to Plaintiff's requests for production ("RFPs") 2 and 3 in set two are now sufficient and attaching Defendant's responses to rogs 3–5 and RFPs 2 and 3. ECF No. 103. The Court also ordered Defendant to produce the check-ins without redactions responsive to rog 3 if it has not done so already. *Id.* That same day, the Court supplemented its order at ECF No. 103, ordering the parties to state whether Defendant has complied with the Court's discovery orders at ECF Nos. 90 and 94 and by when it did so.[1] ECF No. 104. On April 30, 2025, the parties submitted a Second Further Joint Discovery Brief addressing the Court's orders at ECF Nos. 103 and 104. ECF No. 107.

---

[1] In ECF No. 90, concerning Defendant's responses to Plaintiff's rogs 1–3 in set one, the Court ordered Defendant to answer rog 1, to answer rog 2 with respect to the Oakland Hegenberger Road Planet Fitness, and answer rog 2 concerning the San Jose branch to the best of its ability, and to answer rog 3 to the best of its ability. In ECF No. 94, the Court ordered Defendant to (1) file a notice no later than April 8, 2025, stating whether it has amended its response to Plaintiff's RFP 1 in set three, and if so, to attach the amended response; (2) answer Plaintiff's rog 1 in set two; and (3) produce documents responsive to Plaintiff's RFP 1 in set two. In ECF No. 97, the Court found the dispute regarding RFP 1 in set three moot in light of Defendant's amended response to that RFP.

**A.     Discovery Order (ECF No. 103)**

   **1.     Interrogatories**

In the letter brief, Plaintiff disputed that Defendant's response to rog 5 in set two is sufficient but did not dispute that Defendant's responses to rogs 3 and 4 in set two are sufficient. Rog 5 asked:

> Can you IDENTIFY the Director of Operations in Interrogatory 4? Please also include that person's employer and address of that person's employer on 10/16/2021. This date is when he made the notes in Exhibit 6 of the Third Amended Complaint. Please include all information identifying the person noted in the Definitions section in this document. If there were multiple Directors of Operations (DOO) during the Plaintiff's membership to Defendant's gym, please also provide the dates these persons worked as the DOO along with the aforementioned identifying information.

ECF No. 107-3. Plaintiff stated that Defendant did not provide a complete response in its amended answer to rog 5 because Defendant did not provide "the email address and phone number, along with the last known business address" for Brandon Romero.

Defendant stated that in response to rog 5, it provided Plaintiff with Romero's dates of employment, the identity of his employer, and his last known contact address; however, Defendant did not attach its response to rog 5 as ordered by the Court in ECF No. 103. Assuming that Defendant provided the same information for Romero as it did in response to rog 1 in set two (discussed below), the Court finds that Defendant's response to rog 5 is not sufficient. Previously, the Court ordered Defendant to answer Plaintiff's rog 1 in set two consistent with Plaintiff's definition of "Identify," defined as: "with respect to a person means supplying the person's full name, email address, current or last known residence address, current or last known business address, and current or last known mobile, residence, and business telephone numbers." ECF No. 94.

Therefore, the Court **ORDERS** Defendant to answer rog 5 in set two as it pertains to Romero no later than October 10, 2025. The Court notes that in its pretrial disclosures, Defendant stated that Romero may be contacted through Defendant's attorney of record. ECF No. 131. As stated in the Court's previous order, Defendant may limit its response to the person's full name and state that they may be contacted through counsel. ECF No. 94. However, if Defendant

1  responds in this manner, counsel must be willing to accept service on behalf of the person who
2  may be contacted through counsel.

### 2. Requests For Production

In the letter brief, Plaintiff stated that Defendant's response to RFP 3 in set two is sufficient to complete this request.

Plaintiff disputed that Defendant's response to RFP 2 in set two is sufficient. RFP 2 requested:

> The Plaintiff's membership to the Defendant's place of business started in October 2021 and ended in Dec 2021. Can you provide a spreadsheet of all the Plaintiff's check-ins at any Planet Fitness during his membership to Defendant's gym? Specifically, provide at least the dates, times, gym location, gym identifier, and member number identifier.

ECF No. 91-1. Plaintiff stated that Defendant provided him unredacted spreadsheets with the club identifiers (ECF No. 107-4) and sufficient information to identify gyms that Defendant has knowledge of (ECF No. 107-5). But Plaintiff believes that Defendant has not provided him with all his check-in times and dates because there are no check-ins on or around dates where there are notes in the system about Plaintiff.

Defendant stated that it "conducted a diligent search and reasonable inquiry and has been unable to locate responsive documents" to RFP 2 regarding the dates between December 8 and 27, 2021. Defendant stated that it "has provided all information and documents currently in its possession, custody, and control." As the Court said in ECF No. 103, Defendant can only produce what it has. Therefore, the Court finds that Defendant's response to RFP 2 is sufficient because Defendant produced the unredacted check-ins that it had.

### B. Discovery Order (ECF No. 104)

#### 1. Interrogatories

In the letter brief, Plaintiff stated that Defendant provided a sufficient response to rogs 1–3 in set one.

Plaintiff disputed that Defendant's response to rog 1 in set two is sufficient. Rog 1 asked:

> Can you IDENTIFY all persons who made complaints against the

> Plaintiff in the computer notes shown in Exhibit 6 of the Third Amended Complaint? All persons include the gym members who made the complaints, staff members who made complaints, and staff members who the complaints were reported to. With each person identified, please reference which event in Exhibit 6 of the TAC that person is connected with as well.

ECF No. 107-2. Plaintiff stated that Defendant did not provide a complete response in its amended answer to rog 1 because Defendant did not provide "the email address and phone number, along with the last known business address," and Defendant did not provide information concerning "Brightstar, its employee."

In its amended answer to rog 1, Defendant provided the full names, dates of employment, employer name, and last known address for several individuals. ECF No. 107-2. In the letter brief, Defendant stated that these individuals represent all California employees who created computer notes about Plaintiff. Defendant further stated that on April 30, 2025, it provided Plaintiff with phone numbers for Brandon Romero and Majenta Maldonado via email to Plaintiff; thus, Plaintiff has the necessary information to contact these individuals. The Court is not sure what to make of Defendant's statements—as discussed above, the Court previously ordered Defendant to answer this rog by providing all information contained within Plaintiff's definition of "Identify." *See* ECF No. 94. Yet, Defendant did not state that it lacks this information or cannot acquire it. As such, the Court finds that Defendant's response to rog 1 is not sufficient.

Therefore, the Court **ORDERS** Defendant to answer rog 1 as it pertains to all individuals named in Defendant's amended answer to rog 1, no later than October 10, 2025. As discussed, Defendant may limit its response to the person's full name and state that they may be contacted through counsel, so long as counsel will accept service on behalf of that person.

Regarding Brightstar, Defendant stated that it did not include this individual in its supplemental response to rog 1 because Plaintiff asked for information about persons who complained about Plaintiff, and there is no indication that Brightstar complained about Plaintiff. Indeed, Plaintiff highlighted this assertion by Defendant in his opposition to summary judgment, arguing that this undermined Defendant's claims that reports were made about Plaintiff. *See* ECF No. 116 at 13. Therefore, the Court finds that information regarding Brightstar is not within the scope of rog 1, and Defendant is not required to provide information regarding Brightstar in

4

response to rog 1.

**2.   Requests For Production**

In the letter brief, Plaintiff disputed that Defendant's response to RFP 1 in set two is sufficient. RFP 1 requested:

> In December 2021, there was an incident between the Plaintiff and a staff member at Planet Fitness in Milpitas off Ranch Dr. The staff member Majenta described what she perceived as truth in the member notes on Dec 20, 2021. A copy of the member notes is shown in the Third Amended Complaint, Exhibit 6? It is possible the actual date of the incident is different from when those notes were recorded. The date of the incident would have been sometime before those notes were recorded, obviously. Likely, the Plaintiff's last time or second to last time checking in to the Planet Fitness on Ranch Dr. in Milpitas. The female PF member that Majenta is referring to is named 'Katherine' (not sure of the spelling). Her check-in was sometime after the Plaintiff's check-in (within 3 hours after, likely). She is an African-American female. Can you produce the last known contact information, picture included, of the female PF member that Majenta is referring to in her notes (Katherine)?

ECF No. 91-1. Plaintiff stated that Defendant has not produced the witness information requested in RFP 1.

Defendant stated that it cannot identify the witness "Katherine" solely by her first name and that it informed Plaintiff of this reality. Again, Defendant can only produce information that it has.

**IT IS SO ORDERED.**

Dated: October 7, 2025

THOMAS S. HIXSON
United States Magistrate Judge