UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br>　　　　Plaintiff,<br>　　v.<br>SABER FITNESS HEGENBERGER, LLC,<br>　　　　Defendant. | Case No. 24-cv-01278-TSH<br><br>**ORDER RE: JURY TRIAL WAIVER** |

Plaintiff Michael Devin Floyd, proceeding *pro se*, filed a complaint for civil rights violations and contract claims against Defendant Saber Fitness Hegenberger, LLC ("Saber"), alleging that Saber improperly terminated Floyd's gym membership. ECF No. 52 (Third Amended Complaint). The case is set to proceed to a bench trial on January 12, 2026. ECF No. 135.

In his original Complaint, filed in state court, Floyd stated on the cover, "Demand For Jury Trial." ECF No. 1-1. In his Second Amended Complaint ("SAC"), Floyd stated on the cover, "Demand For Jury Trial." ECF No. 40. Under the Federal Rules of Civil Procedure,

> On any issue triable of right by a jury, a party may demand a jury trial by:
>
> > (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
> >
> > (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b). Requesting a jury trial in the caption of a complaint constitutes an unequivocal demand for a jury trial. *Solis v. Cnty. of Los Angeles*, 514 F.3d 946, 954 (9th Cir. 2008). Therefore, Floyd properly made a demand for a jury trial.

1  "Once a demand for jury trial has been properly made, however, it 'may not be withdrawn
2  without the consent of the parties.'" *Id.* (quoting Fed. R. Civ. P. 38(d)).  Rule 39 of the Federal
3  Rules of Civil Procedure "sets forth the manner in which this consent may be granted." *Id.*
4  (cleaned up).  Rule 39 states:

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.  The trial on all issues so demanded must be by jury unless:
>
> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a).

Here, a joint statement filed by Saber on December 4, 2024, states, "Plaintiff does not request a jury trial."  ECF No. 58 at 7.  However, Floyd did request a jury trial in both his original Complaint and SAC.  ECF Nos. 1-1, 40.  And in his pretrial filings, Floyd refers to the "jury" on numerous occasions.  *See* ECF No. 149.  Overall, it is not clear that Floyd retracted his request for a jury trial.  *See Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981) ("Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, courts should indulge every reasonable presumption against waiver.").  In any event, because nothing indicates that the parties both consented to withdraw the request for a jury trial, the Court finds that Floyd's jury trial demand has not been withdrawn.  Fed. R. Civ. P. 38(d).

Accordingly, the Court **ORDERS** that if the parties wish to waive a jury trial, they must file a stipulation consenting to a nonjury trial.  Any such stipulation shall be filed no later than November 20, 2025.  If the parties do not stipulate to withdraw the jury demand, the Court will reschedule the trial as a jury trial.

**IT IS SO ORDERED.**

Dated: November 12, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2