UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br>　　　　Plaintiff,<br>　　v.<br>SABER FITNESS HEGENBERGER, LLC,<br>　　　　Defendant. | Case No. 24-cv-01278-TSH<br><br>**ORDER RE: PLAINTIFF'S MOTIONS IN LIMINE**<br><br>Re: Dkt. No. 149 |

## I.   INTRODUCTION

Plaintiff Michael Devin Floyd, proceeding *pro se*, filed a complaint for civil rights violations and contract claims against Defendant Saber Fitness Hegenberger, LLC ("Saber"), alleging that Saber improperly terminated Floyd's gym membership. ECF No. 52 (Third Amended Complaint). The case is set to proceed to a bench trial on January 12, 2026. ECF No. 135. Pending before the Court are fourteen motions *in limine* from Floyd. ECF No. 149. The Court heard oral argument at the parties' pretrial conference on November 13, 2025. Having considered the parties' arguments, the Court rules as follows.[1]

## II.   BACKGROUND

The facts of this case are well known to the parties, and the Court has previously summarized this case's background in its summary judgment order. ECF No. 119; *see Floyd v. Saber Fitness Hegenberger, LLC*, No. 24-cv-01278-TSH, 2025 WL 2173413 (N.D. Cal. July 31, 2025). The Court incorporates by reference the factual background set forth therein.

Five claims will proceed to a bench trial on January 12, 2026. ECF Nos. 135, 151, 155. In

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 16, 29, 36.

preparation for the upcoming trial, Floyd filed fourteen motions *in limine* on October 23, 2025. ECF No. 149 ("Mot."). On October 30, 2025, Saber filed an Opposition. ECF No. 161 ("Opp.").

### III.  LEGAL STANDARD

**A.  Motions *In Limine***

Motions *in limine* are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions *in limine* are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Accordingly, "a ruling on a motion *in limine* is essentially a preliminary opinion that falls entirely within the discretion of the district court." *Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (explaining that a court may rule *in limine* "pursuant to the district court's inherent authority to manage the course of trials"). However, "[a] motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

In many instances, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016). For example, in order to exclude evidence on a motion *in limine*, "the evidence must be inadmissible on all potential grounds." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014). Thus, denial of a motion *in limine* to exclude certain evidence does not mean that all evidence contemplated by the motion will be admitted, only that the court is unable to make a comprehensive ruling in advance of trial. *Id.* Moreover, even if a district court does rule *in limine*, the court may "change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *City of Pomona*, 866 F.3d at 1070; *see also Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

### IV.  DISCUSSION

Floyd brings fourteen Motions *in Limine*, requesting that the Court exclude several exhibits

and witnesses' testimony that Saber plans to present at trial. *See generally* Mot.

As a threshold matter, the Court finds that Floyd's numerous arguments under Federal Rules of Evidence 403 are "inapplicable here because this action will be tried in a bench trial." *United States v. De Anda*, No. 18-cr-00538-TSH, 2019 WL 2863602, at *4 (N.D. Cal. July 2, 2019) (citing *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) (risk that a verdict will be affected unfairly and substantially by the admission of evidence is far less in a bench trial)); *see Houston v. Country Coach, Inc.*, No. C-07-00859-HRL, 2008 WL 926595, at *2–3 (N.D. Cal. Apr. 1, 2008) (denying Rule 403 objection because "given the narrow scope and the fact that the case [is] proceeding as a bench trial, the concerns of undue prejudice are not warranted"). Therefore, the Court does not address Floyd's Rule 403 arguments below.[2]

### A.   Motion *In Limine* No. 1

Floyd argues that the Court should exclude the testimony of Cecilia Newman at trial on the grounds that it is not relevant, is improper character evidence, is hearsay, lacks foundation, and is unfairly prejudicial. Mot. at 1:17–3:6. Saber contends that Newman's testimony is relevant, not hearsay, and admissible under Rule 403.[3] Opp. at 2:1–3:11.

Here, the Court finds that Newman's proposed testimony concerning her and her franchise's experiences with Floyd is conditionally relevant if Saber can show that it was aware of this information prior to the time it terminated Floyd's gym membership. *See* Fed. R. Evid. 104(b). Saber states that its "decision to terminate [Floyd's] gym membership at Saber Fitness Hegenberger was based in part on information obtained from Newman." Opp. at 2:7–17. If that is true, then evidence that Newman had knowledge "concerning her and her franchise's experiences with [Floyd]" makes it more probable that Saber terminated Floyd's membership based on Newman's information, and thus it is relevant. Fed. R. Evid. 401. The Court is not admitting this

---

[2] This order assumes that the January trial will be a bench trial because the parties seemed to assume that as well in ECF No. 58. Because Floyd demanded a jury trial, and the parties have not yet stipulated to a nonjury trial, the Court directed them to file such a stipulation if they want to have a bench trial. ECF No. 163.

[3] The Court addresses Saber's arguments regarding the Newman Email (Saber's Trial Ex. A) below under Motion *in Limine* No. 2.

1    testimony as evidence of Floyd's character, i.e., that if he behaved poorly in a previous gym
2    membership, then it is likely he behaved poorly in this gym membership. Rather, Floyd's first
3    claim for relief is for unlawful discrimination, which means that Saber's reasons for terminating
4    his gym membership are relevant – indeed, they are essentially the core of the claim – so what
5    Saber knew about Floyd's prior conduct matters. This evidence is admissible for the non-hearsay
6    purpose of its effect on the listener.

       Further, the Court agrees with Saber that "Newman's testimony is relevant to [Floyd's] claim of damages." Opp. at 2:18–21. Saber asserts that "Newman's testimony will illustrate that in the same year, [Floyd] was terminated from another gym, which could have contributed to any alleged emotional distress." *Id.* Floyd also seeks damages for the cost and inconvenience of going to another gym, so his termination from another gym is relevant to whether his claimed damages are caused by Saber's actions.

       Saber also asserts that it will use the "Custodian of Records of Planet Fitness West" to "establish the proper foundation for the admissibility of Newman's prior statements." *Id.* The Court expresses no view on that argument here but will wait to see what foundation is laid at trial.[4]

       Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 1.

**B.**    **Motion *In Limine* No. 2**

       Floyd argues that the Court should exclude all communications regarding Cecilia Newman, including those in Exhibit 2, on the grounds that they are not relevant, are improper character evidence, are hearsay, and are unfairly prejudicial. Mot. at 3:7–4:4. The document referred to as "Exhibit 2" by Floyd corresponds to Saber's Trial Exhibit A; it is an email dated September 9, 2021, from Newman. *See* Saber's Pretrial Statement at 7; Floyd's Objections at 6; Floyd's Ex. 2 (ECF No. 150-2) (the "Newman Email"). Saber contends this evidence is "relevant, admissible as non-hearsay and as exceptions to the hearsay rule, and not subject to exclusion under

---

[4] At the Pretrial Conference, Saber asked the Court to defer ruling on whether Newman's testimony and the Newman Email (discussed below) can be considered for their truth as Saber plans on establishing a foundation at trial through a Custodian of Records. As discussed at the Conference, the Court expresses no view on whether the evidence can be considered for its truth but will wait to see what foundation is laid at trial.

1 FRE 403." Opp. at 3:12–18.

2  Here, the Court confines its discussion to Saber's Trial Exhibit A (Newman Email) as that
3 is what the parties focus on in their papers. The Newman Email states:

> The below member, Michael Floyd needs to be canceled right away!! I have tried to get in contact with th [*sic*] local group with no help. No Manager at the club, the area Director Katie Huff passed me along to a Jake Saltzman but still haven't heard back from him. I reached out again this morning with no luck again. This member has now been kicked out of both our Fremont and Hayward locations for not wearing a mask, sexual harrasing [*sic*] female members and employees, causing issues with male members, yelling and causing a sceen [*sic*] on the gym floor, staying for hours on end and having to be asked to leave at closing time. I dealt with him persoannly [*sic*] last Thursday in Fremont and told him his behavior was not Ok and that it would not be tolerated in our gyms. He came back over the weekend and the staff had the same issue. Security was called and was unable to get him out of the club and they had to call the local PD, who after several hours were able to get him to leave. Then he made his way to our Hayward club and caused the same issues. This man is very aggressive and needs to be canceled by his home club ASAP so he can't keep getting access to other locations with only a 'Welcome' note on his home screen. I have included Lauren from the Saber Group to alert her but not sure who we can contact now for the local Corporate loactions [*sic*] as Francisco is gone. That contact would be very helpful since we are sharing so many areas now and need to have contact with someone in charge of those clubs. This is becoming a very large issues [*sic*] and I really think things need to be changed with the recepricol [*sic*] access members so notes can be seen that were made the home club. As well as us being able to note if we have issues with the member. This needs to be addressses [*sic*] at the Corporate level right away.

19 Newman Email (emphasis in original).

20  For the reasons discussed in Motion *in Limine* No. 1, the Court finds that the Newman
21 Email is conditionally relevant to Saber's reasons for terminating Floyd's gym membership,
22 provided Saber can show it was aware of the email.

23  Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 2 with respect to the
24 Newman Email (Saber's Tr. Ex. A).

25 **C.  Motion *In Limine* No. 3**

26  Floyd argues that the Court should exclude the testimony of Majenta Maldonado at trial
27 under the "missing witness rule." Mot. at 4:5–5:14. Saber contends that Maldonado's testimony
28 is "relevant as [Saber] relied, in part, on Maldonado's notation in its decision to terminate

5

[Floyd's] membership," and that Floyd's objection regarding the "missing witness rule" "is not legally cognizable." Opp. at 3:19–4:9.

"The term, 'missing witness instruction,' refers to an instruction that permits a jury to draw an adverse inference from a party's failure to call a witness." *United States v. Crawford*, 142 F. App'x 295, 296 (9th Cir. 2005). To obtain such an instruction, a party must first establish "that the missing witness was peculiarly within the adversary's power to produce" by "showing either that the witness is physically available only to the opponent or that the witness has the type of relationship with the opposing party that pragmatically renders his testimony unavailable to the opposing party." *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 3536797, at *1 (N.D. Cal. Aug. 13, 2012) (cleaned up). "A missing witness instruction is proper only if from all the circumstances an inference of unfavorable testimony from an absent witness is a natural and reasonable one." *United States v. Bramble*, 680 F.2d 590, 592 (9th Cir. 1982) (cleaned up).

Here, the Court agrees with Saber that the missing witness is inapplicable to Maldonado. Opp. at 3:26–28. Saber has not failed to call Maldonado as a witness; to the contrary, Saber lists Maldonado as a witness for trial. Saber's Pretrial Statement at 4. Therefore, because Maldonado does not constitute an "absent witness," the missing witness rule does not apply. *Bramble*, 680 F.2d at 592.

Floyd contends that Maldonado should be barred from testifying essentially as a sanction for Saber not identifying in discovery the witness Maldonado said Floyd was harassing, which witness Floyd believes would impeach Maldonado's anticipated testimony. However, Floyd has not shown that this information was available to Saber in discovery, or that the failure to provide it was somehow a breach of Saber's discovery obligations.

Floyd further argues that the Court should exclude Maldonado's testimony because she wrote account notes on days that do not show "recorded check-ins" for Floyd and "she would have been influenced by [Saber's] affiliate Romero's ulterior motive." Mot. at 5:1–14. But issues of witness memory, truthfulness, and bias are matters for cross-examination, not grounds to exclude entire testimony. *See Patterson v. McCarthy*, 581 F.2d 220, 221 (9th Cir. 1978) ("It is a proper

1  and important function of cross-examination to test the witnesses' motivation in testifying."); 
2  *Gibbs v. Covello*, 996 F.3d 596, 601 (9th Cir. 2021) (explaining cross-examination may be used
3  "to delve into the witness' story to test the witness' perceptions and memory") (cleaned up); Fed.
4  R. Evid. 607 ("Any party, including the party that called the witness, may attack the witness's
5  credibility.").

6  Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 3.

7  **D.  Motion *In Limine* No. 4**

8  Floyd argues that the Court should exclude "all evidence and witness [*sic*] not disclosed or
9  produced during discovery" because it "presents an unfairness to [Floyd], as he would not have
10 any time to counter that evidence or obtain further evidence with respect to the possible late
11 disclosure." Mot. at 5:15–19.  Saber responds that it "is not aware of any documents or evidence
12 that has been produced after the close of fact discovery, not otherwise allowed by the Court, that
13 [Saber] intends to use at trial." Opp. at 4:10–14.  The Court sees nothing to address at this time.
14 The Court therefore **DENIES** Floyd's Motion *in Limine* No. 4 without prejudice to Floyd
15 renewing this objection as to a specific piece of evidence or witness at trial.

16 **E.  Motion *In Limine* No. 5**

17 Floyd argues that the Court should exclude "the mentioning or using claims in other
18 lawsuits [Floyd] has filed, which are not affiliated with [Saber]" on the grounds that it is improper
19 character evidence and is unfairly prejudicial.  Mot. at 6:1–7:2.  Saber contends that the evidence
20 "is relevant to the issues of [Floyd's] damages and impeachment."  Opp. at 4:15–28.

21 Here, the Court agrees with Saber that evidence showing Floyd's memberships at other
22 gyms were terminated is relevant because it "cuts against [Floyd's] contention that [his] economic
23 and non-economic damages are solely attributable to [Saber]." *Id.* at 4:20–24.  However, there is a
24 difference between evidence showing that a gym membership was terminated and evidence
25 showing misconduct leading to such termination.  Saber states that "evidence of [Floyd's]
26 *proclivity* for engaging in misconduct at fitness gyms, getting his gym membership cancelled, and
27 suing gyms on unmeritorious grounds, are relevant as impeachment evidence that illustrate a
28 litigious pattern and practice against fitness gyms." *Id.* at 4:25–27 (emphasis added).  But this is

7

1 exactly what Rule 404 prohibits—Saber cannot use evidence of Floyd's prior purported
2 misconduct at and litigation against other gyms to show that he had a tendency toward improper
3 conduct at gyms. Fed. R. Evid. 404(b)(1).

4 Accordingly, the Court **GRANTS** Floyd's Motion *in Limine* No. 5 with the caveat that
5 Saber may introduce evidence that Floyd had other gym memberships that were terminated as it
6 relates to Floyd's claim for damages.

**F.     Motion *In Limine* No. 6**

Floyd argues that the Court should exclude Exhibit 7 on the grounds that it is not relevant, is improper character evidence, is hearsay, and is unfairly prejudicial. Mot. at 7:3–8:6. The document referred to as "Exhibit 7" by Floyd corresponds to Saber's Trial Exhibit C; it is a summary of account notes for Floyd's gym membership with Jax Three gym. *See* Floyd's Objections at 6; Saber's Pretrial Statement at 7; Floyd's Ex. 7 (ECF No. 150-7) (the "Jax Three Notes"). Saber contends that the evidence is "relevant as the notes illustrate [Floyd's] inappropriate conduct." Opp. at 5:1–8.

Here, the Court finds that the Jax Three Notes are conditionally relevant and admissible for a non-hearsay purpose if Saber can show it was aware of them by the time it terminated his gym membership. If Saber was aware of repeated complaints about Floyd's behavior in prior gym memberships, it is less likely that the true reason for terminating his Saber membership was race discrimination.

Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 6 to exclude the Jax Three Notes (Saber's Tr. Ex. C).

**G.     Motion *In Limine* No. 7**

Floyd argues that the Court should exclude "all mentioning of disputes within gym memberships prior to [Saber's] membership," on the grounds that it is not relevant, is improper character evidence, is hearsay, and is unfairly prejudicial. Mot. at 8:7–13. Saber contends that the evidence is relevant because "(1) [Saber] relied on [Floyd's] conduct at other gyms when it made the decision to terminate [Floyd's] membership; and (2) [Floyd's] disputes with past gyms impact his economic and emotional distress damages." Opp. at 5:10–16.

8

As discussed above, evidence of policy infractions during prior gym memberships is conditionally relevant and non-hearsay if Saber can show it was aware of those incidents by the time it terminated Floyd's gym membership. Further, evidence showing Floyd's memberships at other gyms were terminated is relevant to his claim for damages. Opp. at 5:10–16; Fed. R. Evid. 401.

Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 7.

### H. Motion *In Limine* No. 8

Floyd argues that the Court should exclude "[a]ll mentioning of disputes within gym memberships after [Saber's] membership" on the grounds that it is not relevant, is improper character evidence, and is unfairly prejudicial. Mot. at 8:14–9:13. Saber contends that this evidence is "relevant to [Floyd's] damages," and that "these disputes are essential for [Saber's] defense to [Floyd's] damages." Opp. at 5:17–27.

Here, as discussed above, the Court agrees with Saber that that evidence showing Floyd's memberships at other gyms were terminated is relevant to Floyd's claim for damages. Opp. at 5:17–27; Fed. R. Evid. 401. Having said that, it's just the gym membership terminations that are relevant. Evidence of what lead to those terminations is not relevant, as Saber had no knowledge of those events at the time it terminated Floyd's gym membership.[5]

Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 8 with the guidance expressed above.

### I. Motion *In Limine* No. 9

Floyd argues that the Court should exclude the testimony of Sabrina Fernandez at trial under the "missing witness rule." Mot. at 9:14–10:19. Saber contends that Fernandez's testimony

---

[5] At the Pretrial Conference, Saber argued that the reasons leading up to Floyd's termination at other gyms—post Floyd's termination at Saber's gym—are relevant to Floyd's claim for emotional distress because the treatment he received at other gyms could be an alternative source of his emotional distress. As discussed at the Conference, for terminations occurring after Saber's termination, Saber may only introduce evidence of the fact of these terminations. However, if Floyd opens the door at trial by testifying about his emotional distress in a way that broadly implicates, or could implicate, his experiences being expelled from other gyms, that could justify the admission of evidence concerning his negative experiences at other gyms. The Court will wait to see what Floyd's testimony is at trial on this issue.

1  is relevant and that Floyd's objection under the "missing witness rule" is "not legally cognizable."
2  Opp. at 6:1–11.
3        Here, the Court agrees with Saber that the missing witness rule is inapplicable to
4  Fernandez. *Id.* at 6:8–11. As discussed above, because Saber plans to call Fernandez as a witness
5  at trial, she does not constitute an "absent witness," and the missing witness rule does not apply.
6  Saber's Pretrial Statement at 5; *see Bramble*, 680 F.2d at 592. Further, Floyd has failed to
7  demonstrate that Saber committed discovery misconduct that would justify excluding Fernandez's
8  testimony as a sanction.
9        Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 9.

### J.  Motion *In Limine* No. 10

Floyd argues that the Court should exclude the testimony of Brian Boucher at trial on the grounds that it is not relevant, is improper character evidence, is hearsay, lacks foundation, and is unfairly prejudicial. Mot. at 10:20–12:9. Saber contends that Boucher's testimony is relevant, not hearsay, and admissible under Rule 403. Opp. at 6:13–7:9. However, it seems to the Court that this dispute is moot, as Saber does not list Boucher as a trial witness. *See generally* Saber's Pretrial Statement.

Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 10.

### K.  Motion *In Limine* No. 11

Floyd argues that the Court should exclude all communications regarding Brian Boucher, including those in Exhibit 2, on the grounds that they are not relevant, are improper character evidence, are hearsay, lack foundation, and are unfairly prejudicial. Mot. at 12:11–13:8. The document referred to as "Exhibit 2" by Floyd corresponds to Saber's Trial Exhibit A; it is an email dated September 9, 2021, from Boucher. *See* Saber's Pretrial Statement at 7; Floyd's Objections at 6; Floyd's Ex. 2 (ECF No. 150-2) (the "Boucher Email"). Saber contends this evidence is "relevant, admissible as non-hearsay and as exceptions to the hearsay rule, and not subject to exclusion under FRE 403." Opp. at 7:10–16.

Here, because Saber does not list Boucher as a trial witness, the Court is concerned that Saber will not be able to lay a proper foundation for the Boucher Email at trial. *See* Fed. R. Evid.

10

602; *see generally* Saber's Pretrial Statement. At the Pretrial Conference, Saber acknowledged that it will not call Boucher as a trial witness but argued that it can lay a foundation for the Boucher Email through a Custodian of Records. The Court expresses no view on that argument here but will wait to see what foundation is laid at trial.

Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 11 to exclude the Boucher Email (Saber's Tr. Ex. A).

### L.     Motion *In Limine* No. 12

Floyd argues that the Court should exclude "[t]he notes within [Saber's] system, where no alleged victim was disclosed," in Exhibit 4 because the evidence was "altered" and "manipulated." Mot. at 13:9–14:20. The document referred to as "Exhibit 4" by Floyd corresponds to Saber's Trial Exhibit B; it is a summary of account notes for Floyd's gym membership with Saber. *See* Floyd's Objections at 6; Saber's Pretrial Statement at 7; Floyd's Ex. 4 (ECF No. 150-4) (Saber Account Notes). Saber contends that Floyd's "objection is not legally cognizable" and that the "account notes are relevant as they illustrate [Floyd's] inappropriate conduct." Opp. at 7:17–26.

Here, the Court finds that the Saber Account Notes are conditionally relevant and non-hearsay if Saber can show it was aware of them by the time it terminated Floyd's gym membership. Floyd has also failed to show that Saber committed discovery misconduct that warrants excluding this evidence.

Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 12 to exclude the Saber Account Notes (Saber's Tr. Ex. B).

### M.     Motion *In Limine* No. 13

Floyd argues that the Court should exclude "any mentioning of the notes within [Saber's] system, where no alleged victim was disclosed" because the evidence was "altered" and "manipulated." Mot. at 15:1–6. Saber responds that this request should be denied "for the same reasons outlined in [Saber's] Opposition to [Floyd's] Motion *in Limine* Number 12." Opp. at 8:1–5.

Here, as discussed in Motion *in Limine* No. 12, the Court finds that the Saber Account Notes are conditionally relevant, and Floyd has not proven the evidence was manipulated or

1  altered.

2  Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 13.

3  **N.     Motion *In Limine* No. 14**

4  Floyd argues that the Court should exclude "[a]ll correspondence and requests for cancellation concerning gym memberships before/after [Saber's] membership" in Exhibit 2 on the grounds that it is irrelevant, is improper character evidence, and is unfairly prejudicial. Mot. at 15:7–16:3. Saber contends that the evidence is relevant because "the correspondences directly relate to the reason [Saber] terminated [Floyd's] membership and [Floyd's] alleged damages." Opp. at 8:6–14.

Here, as stated, any gym membership cancellations after the one at issue in this case are relevant to Floyd's damages. And again, the conduct leading up to those cancellations is not relevant if Saber wasn't aware of it at the time of its termination of his membership.

Accordingly, the Court **DENIES** Floyd's Motion *in Limine* No. 14.

### V.     CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** Floyd's Motions *in Limine*.

**IT IS SO ORDERED.**

Dated: November 13, 2025

THOMAS S. HIXSON
United States Magistrate Judge

12