UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD, | Case No. 24-cv-01278-TSH |
| Plaintiff, | |
| v. | **ORDER ENFORCING SETTLEMENT AGREEMENT** |
| SABER FITNESS HEGENBERGER, LLC, | Re: Dkt. Nos. 185, 189, 191, 193 |
| Defendant. | |

On November 27, 2025 the parties entered into a binding settlement agreement on the record before Magistrate Judge Lisa Cisneros.  ECF No. 183.  The settlement agreement included all material terms.  The agreement contemplated a subsequent written settlement agreement, "[b]ut if, for any reason or no reason at all, you fail in that endeavor to memorialize the agreement in writing, this is still a binding agreement today."  *Id*. at 4:22-25.  The parties did fail to memorialize the agreement in writing, but per the terms stated on the record, that does not affect the finality of the settlement.

The particular dispute that derailed the written agreement was certain language highlighted in yellow in the under seal written document.  ECF Nos. 186, 187.  That language is as follows: "Plaintiff agrees that Plaintiff is responsible for all applicable taxes, if any, as a result of the receipt of the Settlement Payment and that he must provide Defendant an executed W-9 Form before the Settlement Payment can be disbursed.  Plaintiff understands that Defendant will issue an IRS Form 1099-MISC with regards to the full Settlement Payment."  ECF No. 187.

Plaintiff accuses Defendant of bickering over small jargon in the written settlement agreement and requests sanctions.  ECF Nos. 185, 189.  Defendant says that Plaintiff refuses to provide an executed IRS Form W-9 and that without an executed Form W-9, it cannot provide the

settlement sum to Plaintiff and issue the necessary Form 1099-MISC without violating the tax reporting obligations imposed by the Internal Revenue Code.  ECF No. 190.  Both sides move to enforce the settlement agreement.  ECF Nos. 189, 193.

Plaintiff is correct that the settlement agreement stated on the record does not explicitly require him to provide Defendant with a W-9.  However, Defendant is correct that "[t]he covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract," *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 690 (1988).  Here, Defendant expressly promised to pay Plaintiff money.  To protect this express promise, the covenant of good faith requires Plaintiff to complete and execute a Form W-9 and provide it to Defendant so that Defendant may comply with its tax reporting obligations.

Accordingly, the Court **GRANTS** Defendant's motion to enforce the settlement agreement (ECF No. 193) and **ORDERS** Plaintiff to complete and execute a Form W-9 and provide it to Defendant within seven days.  The Court **ORDERS** Defendant to pay the settlement amount to Plaintiff promptly after receipt of this form.  The Court **ORDERS** the parties to file a stipulation of dismissal with prejudice within three days after Plaintiff receives the money.

Plaintiff's cross-motion to enforce the settlement agreement without providing a Form W-9 (ECF No. 189) is **DENIED**, his motion for sanctions (ECF No. 185) is **DENIED**, and his motion to seal (ECF No. 191) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 25, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2